UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HILARY REMIJAS, MELISSA FRANK, DEBBIE FARNOUSH, and JOANNE KAO, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>   v.<br><br><br>THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company,<br><br>              Defendant. | Case No. 1:14-cv-01735<br><br>Hon. Samuel Der-Yeghiayan |

**PLAINTIFFS' MOTION TO REINSTATE ACTION**

Plaintiffs Hilary Remijas, Melissa Frank, Joanne Kao, and Debbie Farnoush (collectively, "Plaintiffs"), respectfully move the Court to reinstate the above-entitled action against Defendant, The Neiman Marcus Group LLC ("Defendant"), in order to allow Plaintiffs to file a Settlement Agreement and a Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion"). The parties have continued to work with Judge Wayne Andersen (Ret.) as mediator and have now finalized a draft Settlement Agreement.

## I. INTRODUCTION

Following the Seventh Circuit's opinion in this action, and denial of Defendant's 12(b)(6) motion to dismiss before this Court, Defendant sought a series of agreed extensions of time to respond to the operative Complaint while the parties attempted to negotiate a class-wide settlement. During this time the parties did engage in settlement negotiations. After granting several of Defendant's agreed motions seeking such extensions, the Court *sua sponte* dismissed the action. Plaintiffs now respectfully request that the Court reinstate this action to allow Plaintiffs to file a Settlement Agreement and the Preliminary Approval Motion.

The parties have now finalized drafts of the Settlement Agreement and its exhibits. Defense counsel have informed Plaintiffs, in writing, that should the Court reinstate this action, Defendant will execute the Settlement Agreement within one (1) business day after the Court grants the motion to reinstate. If this Court grants the motion to reinstate, Plaintiffs will file the Settlement Agreement and Preliminary Approval Motion either on the same day or one (1) business day after all parties have signed the Settlement Agreement.

Counsel for Defendant has informed Counsel for Plaintiffs that Defendant takes no position on this motion.

## II. BACKGROUND

In November 2016, the parties agreed to extend Defendant's time to file a responsive

pleading in order to continue settlement discussions, and Defendant filed an agreed motion that the Court granted. (Dkt. 123-25.) Similar requests were granted in December 2016 and in January 2017. (Dkt. 128, 131, 134.)

In February 2017, Defendant filed another Agreed Motion Seeking an Extension of Time to File a Responsive Pleading, explaining that the extension was needed to continue settlement discussions and because, "[a]mong other things, the parties are reviewing the recent opinion of the Eighth Circuit Court of Appeals in *In re: Target Corporation Customer Data Security Breach Litigation*, dated February 1, 2017, to determine whether it has any impact on the parties' discussions." (Dkt. 135 at 2.) The Court summarily denied this request and terminated the case, stating that "Plaintiffs may file a motion to reinstate." (Dkt. 136.)

The parties have now finalized all drafts of the settlement related documents and stand ready to proceed. Defense Counsel have confirmed in writing that Defendant will execute the Settlement Agreement within one (1) business day of the Court's reinstatement of this case.

### III. LEGAL AUTHORITY

#### A. Authority Governing Dismissal

"Although the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua spont*e for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also*, *Bolt v. Loy*, 227 F.3d 854 (7th Cir. 2000).

#### B. This Case Should Be Reinstated

Here, the request to extend the date to file a response to the Complaint, that prompted the Court's dismissal, resulted from the need for additional time to complete settlement negotiations

and finalize the settlement related documents. Indeed, for many months the parties have engaged in settlement negotiations both directly among themselves and through the mediator, the Honorable Wayne Andersen (Ret.), with respect to reaching a final resolution that is memorialized in writing. Judge Andersen has been involved throughout the negotiations including after the Court's dismissal. Defendant's agreed motion seeking a further extension was reasonable, given the complexity of class action settlements and the enunciated need to consider recent authority in crafting the particular settlement at issue.

Following the Court's dismissal of the action, the parties continued to engage in settlement negotiations. As a result of these continued negotiations, Plaintiffs can represent that should the Court grant this motion to reinstate, they will file the Preliminary Approval Motion and all relevant exhibits, including a settlement agreement, within one business day of obtaining all parties' signatures to the Settlement Agreement. Counsel for Defendant has informed counsel for Plaintiffs that Defendant will execute the Settlement Agreement within one business day of the Court's order granting this motion to reinstate.

Accordingly, and in light of the fact that Plaintiffs were never provided a warning that their case would be dismissed as result of granting Defendants more time to file a response to the Complaint, Plaintiffs respectfully request that the Court reinstate this case to allow Plaintiffs to file the Settlement Agreement and Preliminary Approval Motion.

Dated: March 8, 2017 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Tina Wolfson*
　　　　　　　　　　　　　　　　　　　　　　　Tina Wolfson
　　　　　　　　　　　　　　　　　　　　　　　AHDOOT & WOLFSON, PC
　　　　　　　　　　　　　　　　　　　　　　　1016 Palm Ave.
　　　　　　　　　　　　　　　　　　　　　　　West Hollywood, CA 90069
　　　　　　　　　　　　　　　　　　　　　　　E-mail: twolfson@ahdootwolfson.com
　　　　　　　　　　　　　　　　　　　　　　　E-mail: rahdoot@ahdootwolfson.com

/s/ *John A. Yanchunis*
John A. Yanchunis
MORGAN & MORGAN
COMPLEX LITIGATION DEPARTMENT
201 North Franklin Street, 7th Floor
Tampa, FL 33602

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Tina Wolfson, an attorney, hereby certify that on March 8, 2017, I caused the foregoing Plaintiffs' Motion to Reinstate Action to be served on all counsel of record through the Court's ECF system.

/s/ *Tina Wolfson*
Tina Wolfson
AHDOOT & WOLFSON, PC
1016 Palm Ave.
West Hollywood, CA 90069
E-mail: twolfson@ahdootwolfson.com

*Attorneys for Plaintiffs*
