# EXHIBIT B

**Settlement Agreement**

*Remijas, et al. v. Neiman Marcus Group, LLC,* Case No. 1:14-cv-01735 (N.D. Ill.)
The Honorable Samuel Der-Yeghiayan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HILARY REMIJAS, MELISSA FRANK, DEBBIE FARNOUSH, and JOANNE KAO, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-01735 <br><br> Judge Samuel Der-Yeghiayan |
| Plaintiffs, | |
| v. | |
| THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company, | |
| Defendant. | |

**[PROPOSED] FINAL JUDGMENT AND ORDER**

A Final Approval Hearing was held before this Court on _____, to consider, among other things, whether the Settlement Agreement and Release dated _____ (the "Settlement Agreement") (ECF No. \_\_\_), including the exhibits attached thereto, between the Settlement Class Representatives on behalf of themselves and the Settlement Class, by and through Class Counsel, and defendant The Neiman Marcus Group, LLC ("Neiman Marcus"), by and through Neiman Marcus's Counsel, represents a fair, reasonable and adequate settlement of this case ("the Action"), as well as the amount to be paid to Class Counsel as fees and costs for prosecuting the Action, and the amount of service payments to be paid to the Settlement Class Representatives.

Based on the Settlement Agreement, the Settlement Class Representatives' Motion for Final Approval of Class Action Settlement (ECF No. \_\_), the Settlement Class Representatives' Motion for an Award of Attorneys' Fees and Expenses and Service Payments for Settlement Class Representatives (ECF No. \_\_), the submissions of the Settlement Class Representatives and Neiman Marcus in support of final approval of the settlement, and good cause appearing based on the record, the Court **ORDERS, ADJUDGES AND DECREES** as follows:

1. The Court, for purposes of this Final Judgment adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Parties and Settlement Class Members.

3. On _____, 2017, the Court entered a Preliminary Approval Order, ECF No. \_\_\_\_ , that certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, the request for service payments to

the Settlement Class Representatives (the "Service Payment Request"), and the motion for attorneys' fees, costs and expenses (the "Fee Request").

4. In the Preliminary Approval Order, the Court approved the Notice Program, the Notice, and the Claim Form, and found that the form, content and method of giving notice to the Class constitute the best practicable notice to the Class and are reasonable. A declaration confirming that the Notice has been emailed, mailed, published and distributed pursuant to the Notice Program and the Preliminary Approval Order has been filed with the Court. See Declaration of **[Angeion Group LLC]**. The Court finds that the distribution of the Notice has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

5. The Notice and the Notice Program provided the best notice practicable under the circumstances to the Settlement Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on _____, the Court finds that the Notice was adequate and reasonable. The Court further finds that through the Notice, the Settlement Class Members have been apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6. The Court finds that Neiman Marcus has complied with the requirements of 28 U.S.C. § 1715.

7. The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Class, and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment

of Class Counsel and Settlement Class Representatives as provided in the Preliminary Approval Order at ¶ ___ (ECF No. ___), appointing Tina Wolfson, Theodore W. Maya, and Robert Ahdoot of Ahdoot & Wolfson, PC, and John A. Yanchunis of Morgan & Morgan Complex Litigation Department, as Class Counsel, and appointing as Settlement Class Representatives Hilary Remijas, Melissa Frank, Debbie Farnoush, and Joanne Kao.

8. The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All residents of the United States who held a credit card or debit card account that was used in any NMG Store at any time from July 16, 2013 to January 10, 2014.
>
> Excluded from the Settlement Class are the judge presiding over this matter, any members of his judicial staff, the officers and directors of Neiman Marcus, and persons who timely and validly request exclusion from the Settlement Class,

9. Excluded from the Settlement Class are those persons identified in Exhibit __ to the Declaration of [Angeion Group LLC], who submitted timely and valid requests for exclusion from the Class ("Opt-Outs"). The list of Opt-Outs is attached to this Final Judgment as Exhibit 1. Opt-Outs shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Judgment.

10. The Court finds that the Settlement Class defined above satisfies the requirement of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have

retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

11. The Court approves the settlement of the Action as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate and is in the best interests of the Settlement Class Members. The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel. The Court directs the Parties to perform in accordance with the terms of the Settlement Agreement and the Orders of this Court.

12. The Court approves the Settlement Administration Protocol attached as Exhibit G to the Settlement Agreement and orders the Settlement Administrator to distribute the Settlement Payments Fund to Settlement Class Members in accordance with the terms of the Settlement Agreement and Settlement Administration Protocol. As provided in the Settlement Agreement, to the extent that these payments do not exhaust the Settlement Payments Fund, and are not used to pay Excess Notice and Administration Costs, all remaining funds are to be donated to an Internal Revenue Code Section 501(c)(3) charitable organization to be chosen jointly by the Parties.

13. The Court finds that the Parties face significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the

expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

14. The Court has reviewed all objections to the Settlement Agreement, the Fee Request, or the Service Payment Request filed with the Court or submitted by Class Counsel with the Motion for Final Approval. These objections are hereby found to be without merit and are overruled [for the reasons set forth below/for the reasons stated at the Final Approval Hearing].

15. As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Incident that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the theft, exposure or disclosure of Settlement Class Members' Personal Information; (2) Neiman Marcus's maintenance and storage of Settlement Class Members' Personal Information; (3) Neiman Marcus's information security policies and practices; and (4) Neiman Marcus's notice of the Incident to Settlement Class Members.

16. For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, (i) those arising under state or federal law of the United States (including, without limitation, any

causes of action under the California Business & Professions Code § 17200 *et seq.*, California Civil Code § 1750 *et seq.*, California Civil Code § 1798.80 *et seq.*, California Civil Code § 56.10 *et seq.*, Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*, the Illinois Personal Information Protection Act, 815 ILCS 530/1 *et seq.*, New York General Business Law § 349, 15 U.S.C. § 1681 *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); (ii) any causes of action under the common or civil laws of any state in the United States, including but not limited to unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; (iii) any causes of action based on privacy rights provided for under the constitutions of either the United States or any states in the United States; and (iv) any claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. The Released Claims do not include any claims arising from or relating to any conduct by Neiman Marcus after the date the Agreement was executed.

17. As of the Effective Date, the Released Parties will be deemed to have completely released and forever discharged the Releasing Parties and Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any

kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Action.

18. The Releasing Parties shall be enjoined from prosecuting any claim they have released in the Settlement Agreement and as set forth in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement Agreement or by the Final Judgment. It is further agreed that the settlement may be pleaded as a complete defense to any proceeding subject to the releases set forth in the Settlement Agreement and this Final Judgment.

19. This Final Judgment shall not be: (a) used as an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

20. The Settlement Agreement shall not constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or

concession by any of the Parties, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

21. Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

22. Class Counsel have moved for an award for attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and having reviewed the Fee Request, supporting memorandum and associated papers and having considered the factors for assessing the reasonableness of a class action fee request, the Court makes the following findings of fact and conclusions of law:

    a. The Settlement confers monetary and non-monetary benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

    b. There were __ objections by Settlement Class Members to the requested fee award, and such objections are overruled for the reasons [set forth above/explained at the Final Approval Hearing];

    c. Class Counsel have reasonably expended over __ hours and incurred substantial out-of-pocket expenses in prosecuting this action, with no guarantee of recovery;

    d. The Settlement was achieved for the benefit of the Settlement Class as a direct result of Class Counsel's advocacy and work on behalf of the Settlement Class;

e. The Settlement was reached following negotiations held in good faith, in the absence of collusion and under the supervision of a highly skilled mediator and former U.S. District Judge, the Honorable Wayne R. Andersen (retired);

f. Settlement Class Members were advised in the Notice, which Notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees, costs and expenses in an amount up to $530,000 to be paid by Neiman Marcus;

g. Class Counsel has moved for an award of attorneys' fees, costs and expenses in the amount of $_____, which motion has been on the docket and publicly available since _____; and

h. Under the Settlement Agreement, the finality of the settlement is not dependent upon an award of attorneys' fees and expenses.

23. Accordingly, Class Counsel are hereby awarded attorneys' fees, costs and expenses in the amount of $_____. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

24. Class Counsel have also requested that service awards be approved and paid to Settlement Class Representatives in recognition of their services provided for the benefit of the Settlement Class. The Court, having reviewed the Service Payment Request, as well as the supporting memorandum and associated papers, hereby finds that an award of ___ to each of the four Settlement Class Representatives is fair, reasonable and appropriate in light of the service each Class Representative has provided on behalf of and for the benefit of the Settlement Class, and an award in that amount is hereby approved. The Settlement Administrator is directed to

make such service award payments to the Settlement Class Representatives in accordance with the terms of the Settlement Agreement and this Final Judgment.

25. At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Neiman Marcus's counsel and Class Counsel in their discretion without giving any additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

26. The Court hereby dismisses the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Judgment.

27. Consistent with paragraphs 77(e) and 78 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Agreement, the Preliminary Approval Order, and this Final Judgment shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement Agreement. In such an event, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

28. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

29. Without affecting the finality of this Final Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of

its terms at the request of any Party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Judgment.

30. This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

31. Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly DIRECTS that this Final Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Date: _____.       _____
                                                                          Samuel Der-Yeghiayan
                                                                          United States District Judge