# EXHIBIT G

*Settlement Agreement*
*Remijas, et al. v. Neiman Marcus Group, LLC,* Case No. 1:14-cv-01735 (N.D. Ill.)
The Honorable Samuel Der-Yeghiayan

# Settlement Administration Protocol

This Settlement Administration Protocol (the "Protocol") is a part of the Settlement Agreement and Release ("Settlement Agreement" or "Agreement") and shall be used by the Settlement Administrator to review, address, implement, and process those Claim Forms submitted pursuant to the Settlement Agreement and otherwise implement the terms of the Claims process and Notice procedure in the Settlement Agreement. All capitalized terms used in this Protocol shall have the same meaning given to them in the Settlement Agreement. To the extent there is any conflict between the Settlement Agreement and this Protocol, the Settlement Agreement shall govern.

1. **Settlement Administrator's General Responsibilities and Duties**

    (a) The Settlement Administrator must consent, in writing, to serve and shall abide by the obligations of the Settlement Agreement, this Protocol, and the Orders issued by the Court.

    (b) The Settlement Administrator shall be reimbursed pursuant to the terms and conditions of the Settlement Agreement and any agreement (i) that the parties jointly enter into with the Settlement Administrator with respect to its services pertaining to this Settlement or (ii) that Neiman Marcus enters into with respect to its services pertaining to this Settlement. Under no circumstances (including if the Settlement Agreement is terminated, the Settlement is not approved, or the Effective Date does not occur) will the Plaintiffs, Plaintiffs' attorneys, and / or Class Counsel be obligated to pay any Settlement Administration Charge. In the event of any conflict between the terms and conditions of any such agreement and the terms and conditions of the Settlement Agreement, this Protocol, or any order of the Court, the terms and conditions of the Settlement Agreement, this Protocol, or any order of the Court shall control.

    (c) The Settlement Administrator warrants that it knows of no reason why it cannot fairly and impartially administer the Notice or Claims processes set forth in the Settlement Agreement.

    (d) The Settlement Administrator shall perform other functions reasonably related to administration of the Settlement at the agreed-upon written instructions of both Class Counsel and Neiman Marcus or Defense Counsel.

    (e) Within seven (7) days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and Neiman Marcus with one or more affidavits that attest to the implementation of the Notice Program in accordance

with the Preliminary Approval Order. Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Settlement Class Representatives' motion for final approval of the Settlement.

   (f) The Settlement Administrator shall keep a clear and careful record of all communications with Settlement Class Members, all Claim Forms, all expenses, and all tasks performed in administering the Claims process.

   (g) The Settlement Administrator shall provide weekly reports to Class Counsel and Defense Counsel that summarize the number of Claims and written notifications of exclusion received that week, the total number of claims and written notifications of exclusion received to date, the number of any Claims approved and denied that week, the total number of Claims approved and denied to date, and other pertinent information as requested by Class Counsel and Defense Counsel. No later than ten (10) days after the Opt-Out Deadline, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list together with copies of the exclusion requests.

   (h) The Settlement Administrator shall take all reasonable efforts to administer the Notice and Claims process efficiently and to avoid unnecessary fees and expenses. As soon as work commences, the Settlement Administrator shall provide a detailed written accounting of all fees and expenses on a regular basis to Class Counsel and Defense Counsel, and shall respond promptly to inquiries by Class Counsel and Defense Counsel concerning the Settlement Administration Charges.

   (i) The Parties are entitled to observe and monitor the performance of the Settlement Administrator to ensure compliance with the Settlement Agreement and this Protocol. The Settlement Administrator shall promptly provide a complete response and/or any and all materials in its possession following an inquiry and request for such information made by Neiman Marcus, Defense Counsel, or Class Counsel.

**2.**  **Settlement Administrator's Duties Regarding Settlement Class Notice**

   (a) As directed by Neiman Marcus, within ten (10) days of the filing of the motion for preliminary approval, the Settlement Administrator shall serve a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA").

   (b) No later than three (3) days after entry of the Preliminary Approval Order, the Settlement Administrator shall obtain from Neiman Marcus

the Class Member Information for the purpose of sending e-mail Notice and mail Notice.

(c) The Settlement Administrator shall send the Summary Notice via e-mail to all Settlement Class Members for whom Neiman Marcus can ascertain an e-mail address from its records.

(d) In the event that an e-mail address for a Settlement Class Member cannot be ascertained by Neiman Marcus, or the Settlement Administrator learns that the e-mail address in Neiman Marcus' records is invalid, the Settlement Administrator shall send the Summary Notice via U.S. Mail to all Settlement Class Members for whom a mailing address is included in the Class Member Information.

(e) For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Summary Notice to the updated addresses as indicated. For any U.S. Mailed Summary Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Summary Notice to the extent updated addresses are identified. The Settlement Administrator shall only make one attempt to re-mail any Summary Notices that are returned as undeliverable.

(f) The Settlement Administrator shall establish and maintain the Settlement Website, and, on or before the Notice Date, publish the Long Form Notice on the Settlement Website.

(g) The Settlement Administrator shall establish and maintain an interactive voice response toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries in order to answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries. Settlement Class Members can also request a mailed copy of the Long Form Notice and/or the Claim Form, pursuant to the terms and conditions of the Settlement Agreement.

(h) The Settlement Administrator shall establish and maintain a post office box for mailed written notifications of exclusion from the Settlement Class.

(i) The Settlement Administrator shall respond to any mailed Settlement Class Member inquiries.

(j) The Settlement Administrator shall process all written notifications of exclusion from the Settlement Class.

3. **Locating, Obtaining, and Submitting Claim Forms**

   (a) As soon as practicable following Preliminary Approval, but prior to the Notice date, the Settlement Administrator shall establish and maintain an Internet website, www.NMSettlement.com (the "Settlement Website"), that shall be easily accessible through commonly used Internet Service Providers for the download and submission of Claim Forms. The website will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines, and related information, through and including periodic updates. The Long Form Notice, Claim Form, Settlement Agreement and its exhibits, the Amended Consolidated Class Action Complaint, and any Motion for Preliminary Approval of the Settlement, for Final Approval of the Settlement, and for Award of Attorneys' Fees, Costs, and Expenses and Incentive Awards (including supporting declarations and exhibits), and any other documents that Class Counsel and Neiman Marcus agree to post or that the Court orders posted, shall be available on the Internet website via a hyperlink. The Settlement Website shall be designed to permit Settlement Class Members to readily and easily submit the Claim Form and obtain information about the Settlement Class Members' rights and options under the Settlement Agreement. The Settlement Administrator shall keep the Settlement Website operational until at least thirty (30) days after the Claims Deadline, and shall then transfer ownership of the URL to Neiman Marcus. The Settlement Administrator shall be solely responsible for receiving and processing the Claim Forms and for promptly delivering blank Claim Forms to the Eligible Claimants who request them.

   (b) The Claim Form, which shall be substantially similar to the form attached as Exhibit A to the Settlement Agreement, shall be available as part of the Notice to Eligible Claimants, on the Settlement Website at www.NMSettlement.com, and also through contacting by telephone or by mail or other similar service the Settlement Administrator and requesting that a copy of the Claim Form be sent. The Claim Form on the Settlement Website and the hard copy Claim Form shall be consistent in all substantive respects.

   (c) Claims may be submitted by completing the Claim Form in hard copy and sending them by mail or other similar delivery service or online through a web-based Claim Form at the Settlement Website, www.NMSettlement.com.

4. **Claim Form Review and Processing**

   (a) The Settlement Administrator shall obtain from Neiman Marcus information necessary to carry out the procedure described in the Settlement Agreement and this Settlement Administration Protocol to determine whether or not submitted claims are valid.

   (b) For a Claim Form to be complete, a Claimant must answer two questions and provide one certification:

(i) Question One: A claimant must state whether his or her credit or debit card was used at a Neiman Marcus store between July 16, 2013 and October 30, 2013.

(ii) Question Two: Claimants who answer Question One in the affirmative must provide at least one of two additional sets of information:

   (A) Option A: Claimants may provide (i) the last four digits of the payment card used at a Neiman Marcus store between July 16, 2013 and October 30, 2013 and (ii) all of the dates and locations that that card was used at a Neiman Marcus store between these dates up to a total of three date and location pairs; or

   (B) Option B: Claimants may provide the full name and billing address associated with the payment card.

(iii) Verification: A claimant must certify under penalty of perjury that the information provided in the claim form is true and correct, and that the claimant is the cardholder of the card identified in the claimant's response to Question Two, described above.

   (c) For a Claim Form to be valid, all of the following conditions must be true:

(i) The Claimant has answered Question One in the affirmative.

(ii) The information provided by the Claimant in response to Question Two matches the information provided by Neiman Marcus regarding payment cards used at a time and place that the malware was operating. Specifically:

   (A) If the Claimant provided information in response to Option A, then (i) the four digits provided by the Claimant must match the four digits provided by Neiman Marcus as belonging to a payment card used at a time and place that the malware was operating, AND (ii) the dates and locations that the card was used provided by the Claimant must match precisely the dates and locations that a card

5

with the same four digits was used, according to the records provided by Neiman Marcus. If the Claimant submits a date and/or location (within the Malware Period) that does not correspond with a date and/or location that the card with the same four digits was used during the relevant period, then the claim is not valid. If the Claimant submits fewer than three dates and locations where the payment card was used, and the records provided by Neiman Marcus indicate that the payment card was used three or more times during the Malware Period, then the claim is not valid.

(B) If the Claimant provided information in response to Option B, then the name and address provided by the Claimant must match precisely the name and billing address of a cardholder whose payment card was used at a time and place that the malware was operating.

(iii) The claimant has signed and dated the verification set forth in the Claim Form.

(d) Where a good faith basis exists, the Settlement Administrator shall reject a Claim Form for, among other reasons, the following:

(i) The submitted Claim Form is not fully completed and signed;

(ii) The submitted Claim Form is illegible;

(iii) The Claimant is not a United States resident, as indicated by the address provided by the Claimant in the Claim Form;

(iv) The information submitted in the Claim Form does not establish that the claim is valid;

(v) The person submitting the Claim Form is not an Eligible Claimant;

(vi) The Claim Form is fraudulent;

(vii) The Claim Form is duplicative of another Claim Form;

(viii) The person submitting the Claim Form requests that the Settlement consideration be given to a person or entity that is not the Eligible Claimant by whom the Claim Form is submitted;

(ix) The Claim Form was submitted after the Claims Deadline; and/or

(x) The Claim Form otherwise does not meet the requirements of the Settlement Agreement.

(e) Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine, in accordance with the terms and conditions of the Settlement Agreement and this Settlement Administration Protocol, whether the Claim Form is valid.

(f) The Claim Form will be deemed to have been submitted when posted, if received with a postmark or equivalent mark by a courier company indicated on the envelope or mailer with the instructions set out in the Claim Form. In all other cases, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

(g) No Eligible Claimant may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear on behalf of the same Eligible Claimant ("Duplicative Claim Forms"). The Settlement Administrator shall determine whether there is any duplication of Claim Forms, if necessary by contacting the Eligible Claimant(s) or their counsel. The Settlement Administrator shall reject any such Duplicative Claim Form.

(h) The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claims process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim to prevent actual or possible fraud or abuse.

(i) By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate to further the purposes of the Settlement Agreement if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claim Forms, including, but not limited to, rejecting a Claim Form to prevent actual or possible fraud or abuse.

(j) Any decision to reject a Claim Form by the Settlement Administrator is subject to the reversal by the unanimous decision of Class Counsel and Neiman Marcus.

(k) The Settlement Administrator's rejection of a Claim Form is final (subject to the terms of paragraph 4(j) above), but either of the Parties and/or Settlement Class Members who submitted a rejected Claim Form may submit any disputed issues to the Court or a referee appointed by the Court for summary and non-appealable resolution.

(l) Should any Settlement Class Member complete the procedures to object to the Settlement Agreement, the Settlement Administrator shall provide

copies of all such objections to Class Counsel and Defense Counsel within one (1) business day of receipt.