# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HILARY REMIJAS, MELISSA FRANK, DEBBIE FARNOUSH, and JOANNE KAO, individually and on behalf of all others similarly situated, </br></br>Plaintiffs,</br></br>v.</br></br>THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company,</br></br>Defendant. | Case No. 1:14-cv-01735</br></br>Judge Samuel Der-Yeghiayan |

## ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS

This matter came before the Court on Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement.

Plaintiffs filed their Amended Complaint (ECF No. 27) on June 2, 2014 ("Complaint"). In their Complaint, Plaintiffs allege various claims against Defendant The Neiman Marcus Group, LLC ("Neiman Marcus") arising out of the cybersecurity intrusion that caused potential compromise of payment card information of certain of Neiman Marcus's customers that Neiman Marcus announced in January 2014, including claims alleging violations of state consumer laws and state data breach statutes, negligence, breach of implied contract, unjust enrichment, and invasion of privacy. Neiman Marcus moved to dismiss the amended complaint (ECF No. 35), and the Court granted Neiman Marcus's motion to dismiss on the ground that Plaintiffs lacked

standing (ECF No. 49). Plaintiffs appealed, and the Seventh Circuit reversed the Court's grant of Neiman Marcus's motion to dismiss and remanded the case to the Court for further proceedings. (ECF No. 66). Following supplemental briefing, the Court denied Neiman Marcus's motion to dismiss on January 13, 2016 (ECF No. 85).

Plaintiffs, by their counsel, and Neiman Marcus, by its counsel, have entered into a Settlement Agreement and Release dated _____ (the "Settlement Agreement") following good faith, arm's-length negotiations and mediation overseen by the Honorable Wayne R. Andersen of JAMS, in which the Parties have agreed to settle this case (the "Action") subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement Agreement which, if approved, will result in dismissal of the Action with prejudice.

The Court, having reviewed the Settlement Agreement, including the exhibits attached thereto, and good cause appearing based on the record,

**IT IS HEREBY ORDERED:**

1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement provides for a settlement class defined as follows:

> All residents of the United States who held a credit card or debit card account that was used in any NMG Store at any time from July 16, 2013 to January 10, 2014.
>
> Excluded from the Settlement Class are the judge presiding over this matter, any members of his judicial staff, the officers and directors of Neiman Marcus, and persons who timely and validly request exclusion from the Settlement Class.

The Action is provisionally certified as a class action for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e). The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class

1

members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the clams of the Settlement Class Representatives are typical of and arise from the same operative facts as the claims of the Settlement Class members; (d) the Settlement Class Representatives and Settlement Class counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel**. Class members Hilary Remijas, Melissa Frank, Debbie Farnoush, and Joanne Kao are designated and appointed as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and are therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court find that the following counsel are experienced and adequate counsel and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Tina Wolfson, Theodore W. Maya, and Robert Ahdoot of Ahdoot & Wolfson, PC, and John A. Yanchunis of Morgan & Morgan Complex Litigation Department.

3. **Preliminary Settlement Approval**. Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the class and accordingly is preliminarily approved.

4. **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S. C. § 332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is propoer in this District pursuant to 28 U.S.C. § 1391(a).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2017 at _____ in Courtroom 1903, 219 South Dearborn Street, Chicago, Illinois, 60604, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of Settlement Class Representatives for Service Awards (the "Service Awards Request") should be approved.

Plaintiffs' motion for final approval of the Settlement, Service Awards Request, and Fee Request shall be filed with the Court at least 14 days prior to the deadline for submission of objections specified in the Notice. By no later than 7 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Awards Request and Fee Request.

6. **Administration**. The Court appoints Angeion Group LLC as the Settlement Administrator, with responsibility for class notice and claims administration.

7. **Notice to the Class**. The proposed Notice Program set forth in the Settlement Agreement, the Claim Form, Long Form Notice, Publication Notice, Summary Notice, and

Declaration of Settlement Administrator attached to the Settlement Agreement as Exhibits A, C, E, F, and H satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement, including but not limited to sections VII and VIII thereof.

By 30 days after the Preliminary Approval Order is issued by the Court (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in sections VII and VII of the Settlement Agreement and in the Declaration of Settlement Administrator attached as Exhibit G thereto.

Within 7 days after the Notice Deadline, the Settlement Administrator shall provide Settlement Class Counsel and Neiman Marcus with one or more affidavits confiming that the Notice Program was completed in accordance with the Parties' instructions and the Court's approval. Settlement Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Settlement Class Representatives' motion for final approval of the Settlement.

8. **<u>Findings Concerning Notice</u>**. The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the

Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9. **Class Action Fairness Act Notice**.  Within 10 days after the filing of the motion for preliminary approval, Neiman Marcus shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**.  Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than 45 days after the Notice Deadline (the "Opt-Out Deadline").  The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Consumer Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement.  If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of

exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11. **<u>Objections and Appearances</u>**. A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Awards Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court within 45 days after the Notice Deadline (the "Objection Deadline"); or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Neiman Marcus's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

    a. the case name and number of the Action;

    b. the objector's full name, address, email address, and telephone number;

    c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d. all grounds for the objection, accompanied by any legal support for the objection;

e. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

f. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

g. any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

h. a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

i. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j. the objector's signature on the written objection (an attorney's signature is not sufficient).

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection. Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or

comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Awards Request, or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Consumer Actions or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Awards Request, or the Fee Request.

12. **<u>Claims Process and Settlement Administration Protocol</u>**. Settlement Class Representatives and Neiman Marcus have created a process for assessing and determining the validity of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the Settlement Administration Protocol substantially in the form attached to the Settlement Agreement as Exhibit G, and directs that the Settlement Administrator effectuate the Settlement Administration Protocol according to the terms of the Settlement Agreement.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, except as provided in Paragraph 50(c)(ii) of the Settlement Agreement, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

13. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with section XII of the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**. This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Neiman Marcus of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

15. **Stay of Proceedings**. Except as necessary to effectuate this Order, the Action and all deadlines set by the Court or by rule in the Action are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further Order of this Court.

16. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

17. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:** 30 calendar days after the issuance of this Preliminary Approval Order]

**Motion for Final Approval:** 14 calendar days prior to the Objection Deadline

**Motion for Service Awards, Attorneys' Fees and Costs:** 14 calendar days prior to the Objection Deadline

**Opt-Out and Objection Deadlines:** 45 calendar days after the Notice Deadline

**Replies in Support of Final Approval, Service Awards and Fee Requests:** 7 calendar days prior to the Final Approval Hearing

**Claims Deadline:** 180 days after the Notice Deadline

**Final Approval Hearing:** October 26, 2017 at 9:00 a.m.

**IT IS SO ORDERED.**

Date: June 21, 2017

Samuel Der-Yeghiayan
United States District Judge