IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HILARY REMIJAS, MELISSA FRANK, DEBBIE FARNOUSH, and JOANNE KAO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company,<br><br>                Defendant. | 1:14-cv-01735<br><br>Judge Samuel Der-Yeghiayan |

**SUPPLEMENTAL DECLARATION OF STEVEN WEISBROT**

I, Steven Weisbrot, Esq., make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am The Chief Innovation Officer at the class action notice and settlement administration firm Angeion Group, LLC ("LLC"). I am familiar with the facts contained herein based on my personal knowledge.

2. On March 1, 2017, I signed a declaration ("March Declaration") setting forth the notice program Angeion designed in this matter ("Notice Program") to satisfy the Rule 23 requirement that the best notice practicable under the circumstances be given to the class. ECF No. 145-9.

3. The Notice Program provided that Angeion would send notice of the settlement to all class members for whom an email or mailing address was available in Neiman Marcus's records. *Id.* ¶ 10. It also provided that Angeion would undertake a media campaign involving

print publications and internet banner advertisements to notify potential class members of their rights and options pertaining to the settlement ("Media Campaign"). *Id.* ¶18. The Media Campaign was calculated to reach at least 70.15% of the class on average 2.93 times each. *Id.* ¶ 36.

4. After the Court approved the Notice Program, Angeion carried it out as directed by the Court. It sent notice of the settlement to each and every class member for whom an email or mailing address was available in Neiman Marcus's records. In some cases, multiple emails were available for the same class member, and Angeion utilized every available email address for that group of class members. It also completed the Media Campaign.

5. While the Media Campaign was designed to reach at least 70.15% of the class on average 2.93 times each, it actually reached approximately 71.48% of the class on average 2.95 times each. The reason that the reach and frequency increased is because Angeion over-delivered the amount of digital impressions, ultimately serving 4,207,829 impressions.

6. Therefore, the Media Campaign alone reached 71.48% of the class members; this figure does not include those individuals who received direct notice of the settlement by email or postal mail. Therefore, the overall reach of the Notice Program materially surpassed the 71.48% reach percentage that was achieved via the Media Campaign alone.

7. Angeion received 14 requests from class members that they be excluded from the class before the deadline for such requests expired. Angeion has received and processed no additional requests for exclusion subsequent to that deadline.

8. As of October 16, 2017, Angeion has received 16,447 claim forms[1]. The deadline for class members to submit a claim form is January 17, 2018. Based on past experience, we often see a meaningful influx of claims filed at or just prior to the submission deadline. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2017.

_____
Steven Weisbrot, Esq.

---

[1] Because the deadline to submit a claim form has not passed, Angeion has not yet performed duplicate claim and verification review procedures on the claims submitted to date. The number of claims reported herein represents the raw data prior to review and removal of duplicate claims. We do not expect there to be a significant number of duplicates in this case.