**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HILARY REMIJAS and JOANNE KAO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br><br> THE NEIMAN MARCUS GROUP LLC, a Delaware limited liability company, <br><br><br><br> Defendant. | Case No. 1:14-cv-01735 <br><br><br><br> Hon. Sharon Johnson Coleman |

**UNOPPOSED MOTION FOR 45-DAY POSTPONEMENT OF NOTICE DEADLINE AND SETTLEMENT DATES**

Defendant The Neiman Marcus Group LLC ("Neiman Marcus") by its attorneys, with agreement by Plaintiffs, respectfully moves for a 45-day postponement of the deadline to provide notice (the "Notice Deadline") of the class action settlement preliminarily approved by the Court on November 15, 2019 to allow for time to gather and validate class member data to ensure that the notice program can be fully implemented by the Notice Deadline. Postponement of the Notice Deadline will necessitate adjustment of certain other dates related to the class action settlement; accordingly, Neiman Marcus respectfully moves that such dates be adjusted appropriately. In support of this motion, Neiman Marcus states as follows:

1. On October 28, 2019, Plaintiffs filed a motion seeking the Court's preliminary approval of a revised class action settlement (the "Revised Settlement") that Plaintiffs and

1

Defendant entered into after the Court denied final approval of a prior class action settlement. ECF No. 221.

2. The Revised Settlement differs in numerous ways from the prior settlement to address the Court's concerns about the prior settlement. Among other changes, the Revised Settlement offers monetary relief to all members of the revised settlement class, including those who used a payment card at a Neiman Marcus store between July 16, 2013 and October 30, 2013, but at a time and a place that the malware was not operating. ECF No. 221 at 1–2. Such class members were not eligible for monetary relief under the prior settlement, which offered monetary relief only to those class members who used a payment card at a Neiman Marcus store at a time and a place that the malware was actually operating. *Id.* This change approximately tripled the number of claimants eligible for monetary relief. Accordingly, Neiman Marcus and the claims administrator must gather and validate a substantial amount of additional data to determine whether claimants are eligible for monetary relief.

3. In addition, the Revised Settlement provides for the creation of a web page where potential claimants can input basic information and receive instant feedback providing a preliminary indication as to whether the individual is entitled to monetary benefits under the Revised Settlement. *Id.* at 2; ECF 221-8. Creating this web page likewise requires gathering and validating additional data.

4. The Revised Settlement also includes a robust notice program including, *inter alia*, the publication of notice of the Revised Settlement in *People* magazine. ECF No. 221-9 ¶ 34. Advertisements in *People* must be finalized, and paid for, several weeks in advance of the date they are run.

2

5.  The Court granted preliminary approval of the Revised Settlement on November 15, 2019. ECF No. 224. By so doing, the Court set a Notice Deadline of December 15, 2019. *See id.* at 11.

6.  Gathering and validating the additional data needed to implement the Revised Settlement, as described in Paragraphs 2–3 above, has taken longer than anticipated, and could not be completed by the deadline to submit an advertisement in *People* magazine that would run prior to the Notice Deadline.

7.  Accordingly, Neiman Marcus seeks a 45-day postponement of the Notice Deadline, to and including January 30, 2020. Neiman Marcus anticipates that this extension will provide sufficient time to complete the data validation process and place an ad in *People* that will run before the postponed Notice Deadline. Granting the requested postponement will therefore save resources and avoid class member confusion by ensuring that the settlement administrator is fully ready to administer the settlement as of the Notice Deadline.

8.  The requested postponement would require adjustment of the other dates and deadlines associated with the Revised Settlement. The table below summarizes the current dates and deadlines and the proposed adjusted dates and deadlines.

| Event | Current Date/Deadline | Proposed Date/Deadline |
|---|---|---|
| Notice Deadline | December 15, 2019 | January 30, 2020 |
| Final approval motion and fee and award requests must be filed | January 15, 2020 | March 2, 2020 |
| Class Members must file opt-outs or objections | January 29, 2020 | March 16, 2020 |
| Replies in support of final approval and fee and award requests must be filed | February 12, 2020 | April 13, 2020 |
| Final Approval Hearing | February 19, 2020 | April 20, 2020 |
| Claim Deadline | June 12, 2020 | July 27, 2020 |

9. On December 2, 2019, Daniel Craig, counsel to Neiman Marcus, asked Ted Maya, counsel to Plaintiffs, if he would agree to the relief requested in the instant motion. Mr. Maya replied that Plaintiffs agreed to Neiman Marcus's request.

WHEREFORE, Neiman Marcus respectfully requests that the Court enter an order postponing the Notice Deadline by 45 days, to and including January 30, 2020, and adjusting the other dates related to the Revised Settlement as set forth above and in the proposed order submitted to the Court's proposed order e-mail inbox.

Dated: December 5, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ David H. Hoffman
　　　　　　　　　　　　　　　　　　　　David H. Hoffman
　　　　　　　　　　　　　　　　　　　　david.hoffman@sidley.com
　　　　　　　　　　　　　　　　　　　　Geetanjli Malhotra
　　　　　　　　　　　　　　　　　　　　gmalhotra@sidley.com
　　　　　　　　　　　　　　　　　　　　Daniel Craig
　　　　　　　　　　　　　　　　　　　　dcraig@sidley.com
　　　　　　　　　　　　　　　　　　　　**SIDLEY AUSTIN LLP**
　　　　　　　　　　　　　　　　　　　　One South Dearborn Street
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 853-7000
　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 853-7036

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant The Neiman Marcus Group LLC*

4

**CERTIFICATE OF SERVICE**

I, Daniel Craig, an attorney, hereby certify that on December 5, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court in the United States District Court for the Northern District of Illinois by using the CM/ECF system, which served copies on all interested parties registered for electronic service.

    */s/* Daniel Craig
Daniel Craig
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
*Attorney for Defendant The Neiman Marcus Group LLC*