# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HILARY REMIJAS and JOANNE KAO, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:14-cv-01735 |
| | ) | Hon. Sharon Johnson Coleman |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**FINAL ORDER**

A Final Approval Hearing was held before this Court on June 2, 2021 to consider, among other things, whether the Revised Settlement Agreement and Release dated September 26, 2019 (the "Settlement Agreement") (ECF No. 221-1), including the exhibits attached thereto, between Settlement Class Representatives Hilary Remijas and Joanne Kao, on behalf of themselves and the Settlement Class, and Defendant The Neiman Marcus Group, LLC ("Neiman Marcus"), represents a fair, reasonable, and adequate settlement of this case ("the Action").

Based on the Settlement Agreement, the Settlement Class Representatives' Motion for Final Approval of Class Action Settlement (ECF No. 237), the Settlement Class Representatives' Motion for an Award of Attorneys' Fees and Expenses and Service Awards for Settlement Class Representatives (ECF No. 238), the submissions of the Settlement Class Representatives and Neiman Marcus in support of final approval of the settlement, and good cause appearing based on the record, the Court **ORDERS, ADJUDGES AND DECREES** as follows:

1. The Court, for purposes of this Final Order adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Parties and Settlement Class Members.

3. On November 15, 2019, the Court entered a Preliminary Approval Order, ECF No. 224, that certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, the request for Service Awards to the Settlement Class Representatives (the "Service Awards Request"), and the motion for attorneys' fees, costs and expenses (the "Fee Request").

4. In the Preliminary Approval Order, the Court approved the Notice Program, the Notice, and the Claim Form, and found that the form, content and method of giving notice to the Class constitute the best practicable notice to the Class and are reasonable. A declaration confirming that the Notice has been emailed, mailed, published and distributed pursuant to the Notice Program and the Preliminary Approval Order has been filed with the Court. *See* Declaration of Steven Platt of the Angeion Group, LLC, Regarding Notice Dissemination and Settlement Adminsitration (ECF No. 241). The Court finds that the distribution of the Notice has been achieved in accordance with the Preliminary Approval Order and the Settlement Agreement.

5. The Notice and the Notice Program provided the best notice practicable under the circumstances to the Settlement Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on June 2, 2021, the Court finds that the Notice was adequate and reasonable. The Court further finds that through the Notice, the Settlement Class Members have been apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6. The Court finds that Neiman Marcus has complied with the requirements of 28 U.S.C. § 1715.

7. The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Class, and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment

of Class Counsel and Settlement Class Representatives as provided in the Preliminary Approval Order at ¶ 2 (ECF No. 224), appointing Tina Wolfson, Theodore W. Maya, and Robert Ahdoot of Ahdoot & Wolfson, PC, and John A. Yanchunis of Morgan & Morgan Complex Litigation Department, as Class Counsel, and appointing as Settlement Class Representatives Hilary Remijas and Joanne Kao.

8. The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All residents of the United States who held a credit card or debit card account that was used in any NMG Store at any time from July 16, 2013 to October 30, 2013.
>
> Excluded from the Settlement Class are the judge presiding over this matter, any members of his judicial staff, the officers and directors of Neiman Marcus, and persons who timely and validly request exclusion from the Settlement Class,

9. Excluded from the Settlement Class are those persons who submitted timely and valid requests for exclusion from the Class ("Opt-Outs"). Opt-Outs shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Order and the Final Judgment.

10. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any

questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

11. The Court approves the settlement of the Action as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate and is in the best interests of the Settlement Class Members. The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel. The Court directs the Parties to perform in accordance with the terms of the Settlement Agreement and the Orders of this Court.

12. The Court approves the Settlement Administration Protocol attached as Exhibit G to the Settlement Agreement and orders the Settlement Administrator to distribute the Settlement Payments Fund to Settlement Class Members in accordance with the terms of the Settlement Agreement and Settlement Administration Protocol. As provided in the Settlement Agreement, to the extent that these payments do not exhaust the Settlement Payments Fund, and are not used to pay Excess Notice and Administration Costs, all remaining funds are to be donated to an Internal Revenue Code Section 501(c)(3) charitable organization to be chosen jointly by the Parties.

13. The Court finds that the Parties face significant risks, expenses, delays, and uncertainties, including as to the outcome of continued litigation, in this Court or on appeal, of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

14. The Court has reviewed all objections to the Settlement Agreement. These objections are hereby found to be without merit and are overruled.

15. As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Incident that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the theft, exposure or disclosure of Settlement Class Members' Personal Information; (2) Neiman Marcus's maintenance and storage of Settlement Class Members' Personal Information; (3) Neiman Marcus's information security policies and practices; and (4) Neiman Marcus's notice of the Incident to Settlement Class Members.

16. For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, (i) those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professions Code § 17200 *et seq.*, California Civil Code § 1750 *et seq.*, California Civil Code § 1798.80 *et seq.*, California Civil Code § 56.10 *et seq.*, Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*, the Illinois Personal Information Protection Act, 815 ILCS 530/1 *et seq.*, New York General Business Law § 349, 15 U.S.C. § 1681 *et seq.*, and any similar statutes or data breach

6

notification statutes in effect in the United States or in any states in the United States); (ii) any causes of action under the common or civil laws of any state in the United States, including but not limited to unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; (iii) any causes of action based on privacy rights provided for under the constitutions of either the United States or any states in the United States; and (iv) any claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. The Released Claims do not include any claims arising from or relating to any conduct by Neiman Marcus after the date the Agreement was executed.

17. As of the Effective Date, the Released Parties will be deemed to have completely released and forever discharged the Releasing Parties and Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Action.

18. The Releasing Parties shall be enjoined from prosecuting any claim they have released in the Settlement Agreement and as set forth in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement Agreement or by the Final Judgment. It is further agreed that the settlement may be pleaded as a complete defense to any proceeding subject to the releases set forth in the Settlement Agreement and the Final Judgment.

19. This Final Order and the Final Judgment shall not be: (a) used as an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

20. The Settlement Agreement shall not constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Per Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

21. Notwithstanding the foregoing, nothing in this Final Order or the Final Judgment shall be interpreted to prohibit the use of the Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

22. Class Counsel have moved for an award for attorneys' fees reimbursement of expenses, and for Service Awards to the Settlement Class Representatives. That motion will be adressed in a separate order.

**IT IS SO ORDERED.**

Date: June 4, 2021

Sharon Johnson Coleman
United States District Judge