# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HILLARY REMIJAS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 14 C 1735 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| THE NEIMAN MARCUS GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Court, in its discretion, awards plaintiffs' class counsel $508,400 in attorney's fees and costs, along with $2,500 for each class representative service award [238].

## BACKGROUND

Plaintiffs brought this lawsuit as a putative class action on behalf of consumers whose credit or debit card information was potentially comprised in a 2013 cybersecurity incident that affected certain Neiman Marcus stores. This class action lawsuit has a long history, including three separate presiding district court judges, an appeal and remand, and an extended mediation in front of Judge Wayne R. Anderson (retired), not to mention defendant's bankruptcy filing on the eve of last year's final approval hearing.

After the Court denied the parties' prior proposed settlement in September 2018, plaintiffs' counsel re-negotiated the settlement and reached a revised settlement. In doing so, plaintiffs' counsel successfully negotiated the proposed revised settlement while defendant was under bankruptcy protection by filing three proofs of claim in the bankruptcy proceeding in the Southern District of Texas. This is an extraordinary result for the class and is a better result than plaintiffs could have expected after Neiman Marcus filed for bankruptcy protection.

The revised settlement results in a settlement fund of $1.6 million, which will be used to pay: (1) eligible claimants who submit valid and timely claims; (2) service awards; (3) attorney's fees,

costs, and expenses; and (4) settlement administrative charges. Pertinent to this motion, the service award amount for class representatives is $2,500. The maximum amount for attorney's fees, costs, and expenses is $530,000.

Plaintiffs' counsel contend that $530,000 in fees and expenses is considerably less than the lodestar method of calculating fees because counsel cut their billable hours and expenses by approximately half. In fact, $530,000 is in line with the percentage-of-fund method. *See Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014) ("In consumer class actions, where the percentage of class members who file claims is often quite low ... we suggest [ ] that attorneys' fees awarded to class counsel should not exceed a third or at most a half of the total[.]").

## LEGAL STANDARD

The Court "has discretion to choose between the lodestar and percentage-of-fund approaches." *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998). In calculating attorney's fees, district courts using the lodestar method look to the hours that are reasonably expended multiplied by reasonable hourly rates. *Sommerfield v. City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017); *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). The Court has considerable discretion in awarding attorney's fees because "[t]rial judges are in a better position to determine what fees are 'reasonable' in a given case." *Montanez v. Simon*, 755 F.3d 547, 550 (7th Cir. 2014). The Supreme Court has cautioned a "request for attorney's fees should not result in a second major litigation." *Baker v. Lindgren*, 856 F.3d 498, 504 (7th Cir. 2017) (citation omitted).

## DISCUSSION

Although plaintiffs' counsel cut the hours they reasonably expended by half, objector Parvinder Chohan has made several objections to class counsel's attorney's fees request. Chohan has filed his own request for attorney's fees that the Court discusses in a separate ruling. The Court presumes familiarity with that ruling.

Here, Chohan argues that class counsel's submissions in support of the lodestar method are insufficient, yet the class lawyers filed sworn affidavits supporting the number of hours expended and evidence of reasonable hourly rates for the type of work performed over the last eight years. *See Mohr v. Chicago Sch. Reform Bd. of the City of Chicago*, 194 F.Supp.2d 786, 788 (N.D. Ill. 2002) (Bucklo, J.) ("affidavits in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiff's burden" in establishing reasonable hourly rates). Also, courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," especially here where the lawyers significantly cut their reasonably expended hours. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (7th Cir. 2008). Under these standards, the Court concludes that class counsel's submissions are sufficient, and the number of hours billed are reasonable.

Chohan's argument that plaintiffs' class counsel should not bill hours for working on the first unsuccessful class settlement is unsupported by legal authority and fails to take into account the amount of hours class counsel are not billing in this matter. Likewise, Chohan's objection that the Court should have utilized the percentage-of-fund methodology fails because he does not explain why the Court would abuse its discretion in using the lodestar method. And, as discussed, the requested fees are not in abrogation of the percentage-of-fund method.

The request of costs and fees in the amount of $530,000, reduced by $21,600 for Chohan's attorney's fees request, is reasonable in light of the expense and time necessary to prosecute this case to judgment and the difficulties and delays involved. The Court therefore awards a total of $508,400 in attorney's fees and costs for class counsel.

IT IS SO ORDERED.

Date: 6/4/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3