UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HILLARY REMIJAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14 C 1735 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE NEIMAN MARCUS GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court, in its discretion, grants objector Parvinder Chohan's petition for attorney's fees in the amount of $21,600 and grants objector's petition for an incentive award in the amount of $2,500 [243].

## BACKGROUND

Plaintiffs brought this lawsuit as a putative class action on behalf of consumers whose credit or debit card information was potentially comprised in a 2013 cybersecurity incident that affected certain Neiman Marcus stores. This class action lawsuit has a long history, including three separate presiding district court judges, an appeal and remand, and an extended mediation in front of Judge Wayne R. Anderson (retired), not to mention defendant's bankruptcy filing on the eve of last year's final approval hearing.

Relevant to this motion, on September 17, 2018, the Court denied the parties' final settlement approval and decertified the proposed settlement class based on impermissible intra-class conflicts—an argument raised by three objectors, including Parvinder Chohan. Chohan's attorneys presented a detailed objection to the class action settlement and appeared at the fairness hearing conducted by Judge Der-Yeghiayan on November 28, 2017.

After the Court denied the parties' prior proposed settlement in September 2018, plaintiffs' counsel re-negotiated the settlement and reached a revised settlement. In doing so, plaintiffs' counsel successfully negotiated the proposed revised settlement while defendant was under bankruptcy protection by filing three proofs of claim in the bankruptcy proceeding.

The revised settlement results in a settlement fund of $1.6 million, which will be used to pay: (1) eligible claimants who submit valid and timely claims; (2) service awards; (3) attorney's fees, costs, and expenses; and (4) settlement administrative charges. Pertinent to this motion, the service award amount for class representatives is $2,500. The maximum amount for attorney's fees, costs, and expenses is $530,000.

Plaintiffs' counsel contend that $530,000 in fees and expenses is considerably less than the lodestar method of calculating fees because they cut their billable hours and expenses by approximately half. In fact, $530,000 is in line with the percentage-of-fund method. *See Pearson v. NBTY, Inc.,* 772 F.3d 778, 782 (7th Cir. 2014) ("In consumer class actions, where the percentage of class members who file claims is often quite low ... we suggest [ ] that attorneys' fees awarded to class counsel should not exceed a third or at most a half of the total[.]"). Class counsel has filed a request for attorney's fees that the Court discusses in a separate ruling. The Court presumes familiarity with that ruling.

## LEGAL STANDARD

"Objectors who add value to a class settlement may be compensated for their efforts." *In re Southwest Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018). In order for an objector to recover attorney's fees, he must show his objection secured a benefit for the class that outweighs the fees he is seeking. *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 687–88 (7th Cir. 2008). If an objector persuades the Court to disapprove a class settlement, and, as a consequence, the final settlement is more favorable to the class, the objector will receive a cash award. *Eubank v. Pella Corp.*, 753 F.3d

2

718, 720 (7th Cir. 2014). "Trial judges have broad discretion to adjust bloated bills for attorney's fees." *Montanez v. Simon*, 755 F.3d 547, 552 (7th Cir. 2014).

## DISCUSSION

Chohan's objection in September 2017 resulted in the Court disapproving the final class settlement in September 2018. His lawyers, including Jay Edelson, prepared a detailed legal memorandum in support of the objection and Edelson's associate attended the fairness hearing on November 28, 2017. As a result of the successful objection, Chohan seeks attorney's fees in the amount of $133,635, which is over 25% of the attorney's fees and expenses allotted by the revised settlement. Although Chohan and his counsel secured a benefit for the settlement class, counsel's request is disproportionate to the benefit conferred to the class.

Not only is Mr. Edelson's hourly rate of $1,000 significantly more than plaintiffs' counsel's hourly rates, the rate of $1,000 is the average rate for partners at Wall Street and other elite New York law firms. (R. 239, National Law Journal, 1/13/14 article). Meanwhile, the average partner hourly rates at law firms of more than 750 attorneys was $575 per hour during the twelve months ending in April 30, 2019. http://www.thenalfa.org/blog/survey-hourly-rates-higher-at-nation-s-largest-law-firm. In determining reasonable attorney's fees, the Court has discretion to decide what is a reasonable hourly rate. *See Moriarty v. Svec*, 233 F.3d 955, 966 (7th Cir. 2000). Here, the Court concludes that the $1,000 rate for objector's counsel is unreasonable under the circumstances.

Moreover, the request for a total of 195.8 hours to prepare the 23-page written objection and appear in court several times is untenable, especially because Chohan's counsel did not participate in negotiating or drafting the terms of the revised settlement. *See, e.g., Mirfasihi*, 551 F.3d at 687. In contrast, plaintiffs' counsel worked tirelessly to negotiate the final settlement while Neiman Marcus was under bankruptcy protection, which was no small feat. Thus, Edelson's request for 195.8 hours is disproportionate in relation to the heavy lifting done by plaintiffs' counsel.

In light of these circumstances, including the significant haircut plaintiffs' counsel has requested for their attorney's fees, the Court awards objector Chohan $2,500 as an incentive award and Chohan's counsel $21,600 reflecting 27 hours at the hourly rate of $800, which is at the high end of the partner hourly rates set forth in plaintiffs' motion for attorney's fees.

IT IS SO ORDERED.

Date: 6/4/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4